**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-cv-23741-LEIBOWITZ**

BRIDLINGTON BUD LTD,

        *Plaintiff,*

  v.

The Partnerships, Unincorporated Associations Identified
on Schedule A,

        *Defendants.*

                                        /

**PLAINTIFF'S RESPONSE TO ORDER [4]**
**TO SHOW CAUSE ESTABLISHING THAT JOINDER IS PROPER**

Plaintiff, BRIDLINGTON BUD LTD ("Plaintiff"), by and through undersigned counsel, respectfully submits this Response to the Court's Order dated May 28, 2026 [ECF No. 4] regarding the joinder of Defendants in the present action, and states as follows:

**INTRODUCTION**

This action involves ten Defendants who unlawfully offered for sale and sold identical or substantially similar jewelry and related products, namely bracelets, rings, earrings, ear studs, jewelry, jewelry chains and related products—bearing Plaintiff's federally protected **DESIGNICE** trademark through the Walmart marketplace. *See* Infringing Evidence, ECF No. 8-4.

Notably, seven of the ten Defendants (Nos. 1, 3, 4, 5, 6, 7 and 8) offered or sold identical infringing products, namely Christmas earrings through the same Walmart Product listing [ECF No. 8-4, pp. 2, 19, 29, 39, 48, 57, 66], evidencing participation in the related transaction or series of transactions under Rule 20(a)(2).

1

The remaining three Defendants sell different products, but each engages in the same infringing conduct through the same online marketplace infrastructure and infringes the same intellectual property rights at issue in this action: Defendant No. 2 sold an adjustable open cuff bracelet. [ECF No. 8-4, p. 11]; Defendant No. 9 sold faux-pearl butterfly stud earrings. [ECF No. 8-4, p. 75]; Defendant No. 10 sold a sterling silver ring [ECF No. 8-4, p. 82].

Although these Defendants sell different products, each Defendant used the same or similar online marketplace infrastructure, product listing formats, payment systems, and fulfillment methods to offer infringing products to consumers, thereby giving rise to common questions of law and fact.

All Defendants have demonstrated infringement of the same **DESIGNICE** trademark in the same product categories, either offering identical or substantially similar items, thus justifying joinder under Rule 20(a)(2).

## ARGUMENT

### A. The Logical Relationship Between Defendants' Infringing Conducts Supports Joinder

The Supreme Court has stated that under the Federal Rules of Civil Procedure, "the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *In re EMC Corp.*, 677 F.3d 1351, 1358 (Fed. Cir. 2012) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966)). The Eleventh Circuit has also noted that "in making a joinder decision, the district court is guided by the underlying purpose of joinder, which is to 'promote trial convenience and expedite the resolution of disputes, thereby eliminating unnecessary lawsuits.'" *Swan v. Ray*, 293 F.3d 1252, 1253 (11th Cir. 2002).

Courts have applied this "transaction or occurrence" requirement using a "case-by-case approach" based on a "flexib[le] . . . standard [that] enables the federal courts to promote judicial economy by permitting all reasonably related claims for relief by or against different parties to be tried in a single proceeding under the provisions of Rule 20." *Id*. The Federal Circuit has found that

"[t]he *logical-relationship test* employed under Rule 13(a) seems consistent with the philosophy underlying the passage in Rule 20 that allows joinder of parties whenever the claims arise out of 'the same series of transactions or occurrences.'" *Id*. (citing 7 Charles Alan Wright et al., Federal Practice and Procedure § 1653 (3d ed. 2001)).

The Eleventh Circuit has also applied the logical-relationship test to the application of Rule 20(a) and found that a same transaction or occurrence may "comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their *logical relationship*." *Daker v. Holmes*, No. 20-13601, 2022 U.S. App. LEXIS 16293, at *15 (11th Cir. June 14, 2022) (citing *Alexander v. Fulton Cnty.*, 207 F.3d 1303, 1323 (11th Cir. 2000), *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003) (en banc)).

To this end, "all logically related events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence." *Fulton Cnty.*, 207 F.3d at 1323. "The 'logical relationship' standard is a 'loose' one that 'permits a broad realistic interpretation in the interest of avoiding a multiplicity of suits.'" *Rhodes v. Target Corp.*, 313 F.R.D. 656, 659 (M.D. Fla. 2016) (quoting *Edwards-Bennett v. H. Lee Moffitt Cancer & Rsch. Inst., Inc.*, No. 8:13-CV-00853-T-27, 2013 WL 3197041, at *1 (M.D. Fla. June 21, 2013)). "Under this test, a logical relationship exists if the claims rest on the same set of facts or the facts, on which one claim rests, activate additional legal rights supporting the other claim." *Smith v. Trans-Siberian Orchestra*, 728 F.Supp.2d 1315, 1319 (M.D. Fla. 2010) (citing *Republic Health Corp. v. Lifemark Hosps. of Fla.*, 755 F.2d 1453, 1455 (11th Cir. 1985)).

In the present case, Plaintiff submits that there is a clear and logical relationship between the Defendants' infringing conduct, justifying their joinder in this action under Rule 20. All Defendants engaged in the unlawful sale of jewelry and related products bearing Plaintiff's **DESIGNICE** trademark through the Walmart marketplace, creating a common factual basis for this action.

3

Specifically, seven Defendants – Defendants Nos. 1, 3, 4, 5, 6, 7 and 8 sold identical infringing Christmas earrings through the Walmart Product listing, which is a shared product listing across multiple seller accounts. *See* ECF No. 8-4, pp. pp. 2, 19, 29, 39, 48, 57, 66. This unified listing establishes a direct, interconnected series of transactions, as all sellers shared the same title, description, images, and pricing, which makes their conduct logically related.

Further, Defendants Nos. 2, 9 and 10 were selling different products [ECF No. 8-4, pp. 11, 75 and 82], these products still fall under the same general category—jewelry and related products—bearing Plaintiff's **DESIGNICE** trademark.

Therefore, while the specific products may differ, they all fall under the same category of infringing goods bearing the same trademark. This shared infringement forms a cohesive set of actions, as all Defendants' products were marketed in a manner that likely caused consumer confusion. The legal question of trademark infringement and consumer confusion is common to all Defendants, making their conduct logically related.

If the claims were severed, it would lead to unnecessary duplication of efforts, judicial resources, and potential inconsistent rulings. The facts underlying this case—the use of the same product identifiers, platform records, and trademark infringement—demonstrate that these Defendants' actions are part of a larger, logically related pattern that should be resolved together.

## B.  Common Legal and Factual Issues Among Defendants Support Joinder

Plaintiff's claims involve a single trademark and a uniform set of legal issues, including infringement under 15 U.S.C. § 1114 and false designation of origin under 15 U.S.C. § 1125(a). Specifically, the legal issues common to all Defendants include:

- Validity and ownership of the **DESIGNICE** trademark;
- Unauthorized use of **DESIGNICE** in commerce;
- Likelihood of consumer confusion under the Lanham Act;
- Appropriateness of statutory damage and injunctive relief.

The factual overlap in these claims—such as the identical products, the deceptive marketing practices, and the common consumer confusion caused by these actions all tie the Defendants together under the same factual circumstances, making their joinder appropriate.

### C. Joinder is Consistent with Fairness, Convenience, and Judicial Economy

Rule 20 is designed to facilitate efficient resolution of disputes by allowing parties whose claims share a common factual and legal basis to be joined in a single proceeding. Courts in this District and others have recognized that the "logical relationship" test under Rule 20 is liberally construed to promote judicial efficiency and prevent duplicative lawsuits. In cases involving trademark infringement and counterfeiting, such as this one, consolidating claims against multiple defendants in a single action is consistent with the purpose of Rule 20, as it reduces unnecessary litigation and promotes the swift resolution of disputes.

***First***, allowing joinder at this stage does not create any unnecessary delay, nor does it prejudice any party. On the contrary, severance is likely to cause delays and prejudice to both Plaintiff and Defendants. If severed prematurely into separate cases, Defendants may be required to defend identical, concurrent lawsuits, which would be inefficient and burdensome.

***Second***, the resources of the Court and the judicial system as a whole would be substantially taxed if Plaintiff's claims against Defendants are severed into multiple separate lawsuits with identical factual and legal questions. *See Bose Corp. v. P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, 334 F.R.D. 511, 517, n. 6 (N.D. Ill. 2020) ("Requiring the *filing of separate complaints could flood the courts* with thousands of additional single defendant Lanham Act cases, with no difference in resolution of nearly every case in a practical sense. The only thing that will inevitably occur is the slowdown of adjudications of other lawsuits, or the decrease of filings of cases which on their face have alleged plausible violations of the Lanham Act.").

***Third***, Plaintiff would be severely prejudiced if required to file separate lawsuits simply because Defendants' e-commerce stores registered under different seller aliases could be part of a much larger organized operation. *See Shambour v. Carver County*, 2014 U.S. Dist. LEXIS 110267, at *17 (D. Minn. Aug. 11, 2014) ("In the matter at hand, joinder is proper because the alleged acts similarly support a larger allegation of a systemic problem and the Court is persuaded that keeping [Plaintiff's] claims together is not only permissible but preferable."). Similarly, Defendants' actions in this case suggest there could be a much larger operation, including multiple entities, each playing a role in the manufacturing, distribution, or sales of counterfeit goods, which include all Defendants. Addressing them collectively serves the interests of justice and judicial economy.

***Fourth***, unlike other cases involving a large number of hundreds of defendants, the present case involves only ten defendants. This manageable number ensures that neither this Court nor the judicial system would be unduly burdened by allowing joinder.

Consolidating the claims against these Defendants promotes efficiency without overwhelming the Court's docket. It allows the Court to address common issues arising from Defendants alleged infringing activities in a single action, thereby conserving judicial resources.

In sum, joinder of the ten Defendants promotes fairness, convenience, and judicial economy by avoiding duplicate proceedings, reducing burdens on the Court and parties, and enabling efficient resolution of claims against Defendants engaged in similar actions.

### D. Relief Against Defendants Is Several and Appropriate

Although Defendants operate separate seller accounts, Plaintiff seeks **several liability** based on each Defendant's individual infringing sales. Rule 20 expressly permits joinder where relief is asserted "jointly, severally, or in the alternative." Fed. R. Civ. P. 20(a)(2).

Courts in this District have routinely permitted joinder in trademark cases involving multiple online sellers where liability is several. See *Louis Vuitton Malletier, S.A. v. Akanoc Sols., Inc.*, 658

F.3d 936, 945 (9th Cir. 2011) (several liability does not preclude joinder).

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court find that joinder of Defendants is proper under Rule 20 of the Federal Rules of Civil Procedure, consolidating all Defendants into a single action will promote judicial economy, reduce unnecessary costs and delay, and serve the interests of fairness.

June 6, 2026.                                            Respectfully submitted,

/s/ Andrew Palmer
Andrew J. Palmer
Palmer Law Group, P.A.
110 East Broward Blvd, Suite 1700
Fort Lauderdale, FL 33301
Phone: 954-771-7050
ajpalmer@palmerlawgroup.com
***Attorney for Plaintiff***